BEXAR MEDINA ATASCOSA WATER DISTRICT also known as Bexar–Medina–Atascosa Counties Water Control & Improvement District No. 1, Appellant,

v.

BEXAR MEDINA ATASCOSA LANDOWNERS' ASSOCIATION and Wilburn Schmidt, Appellees.

No. 04–99–00053–CV.

Court of Appeals of Texas, San Antonio.

July 21, 1999.

Rehearing Overruled Aug. 2, 1999.

V.E. Lanfear, Jr., San Antonio, Clyde H. Haak, Hondo, for appellant.

Edward T. Hecker, Gostomski & Hecker, P.C., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

The issue in this appeal is whether "discussion" constitutes "deliberation" for purposes of the Texas Open Meetings Act. Because we find the terms interchangeable, we affirm the trial court's judgment.

### Background

Wilburn Schmidt and the Bexar Medina Atascosa Landowners' Association (collectively, the landowners) sued the Bexar–Medina–Atascosa Counties Water Control and Improvement District No. 1(BMA) for violating the Texas Open Meetings Act. Specifically, the landowners sought damages, attorney's fees, and injunctive relief.

On April 27, 1998, the trial court held a temporary injunction hearing. BMA's general manager and president of the board, John Ward, testified that five of seven board members attended a meeting on February 17, 1998 in a barn owned by board member Ted Kohlleppel.[1] Ward ex-

---

1. BMA's seven board members include Johnny Ward, Carlos Barrera, Jeanette Williams, Paul Marbach, Ted Kholleppel, Grace Hitzfelder, and A.V. Thurman.

plained that the meeting was organized by several farmers for informational purposes, although he prepared an agenda and invited a few landowners to attend. As indicated on the agenda, Ward said several aspects of BMA's business were discussed, including a presentation by BMA's legal counsel about the "legal maintenance" of BMA and a presentation by BMA's engineer about a project involving Medina Lake. Ward said he talked about "Goals 2000," BMA's plans for the future. Ward said several board members made minor comments but none answered questions other than himself.

Ward also indicated that a second meeting was held on March 6, 1998 in the home of Gene Nelson, a landowner. Although BMA business was discussed, only three board members attended, which was less than a quorum. On March 9, at a regularly convened board meeting, Ward said he intended to hold more informational meetings. Finally, Ward testified that public notice was not posted about the informational gatherings because he did not consider them to be board meetings. To the contrary, the meetings were designed "to inform some of the landowners on what the district has been doing and what we planned on doing in the future." Ward also admitted that certain individuals, including board members, were not invited to attend the meetings.

Landowner Will Carter testified that Ward approached him about chairing the February 17 meeting two days before the event. He said only three board members, who were seated in the audience, spoke at the meeting. Only Ward answered any questions, and the board members did not speak to each other. Carter indicated the meeting "let the landowners give some feedback to the board members that believed in what they were doing so as to let them know if they were on the right track or not."

Kohlleppel also testified at the temporary injunction hearing. He said BMA "business" was not discussed at the Febru-

ary 17 meeting, "depend[ing] on how you look at it." He agreed, however, that BMA had ongoing, supervisory control over Project PL–566, the water balance study, and Goals 2000—the topics at the February 17 meeting. Kohlleppel indicated that thirty to forty people attended the meeting but no board action was taken at that time. As for the purpose of the meeting, he said, "We agreed that the landowners that could not make it to our regular meeting, you know, for them to come to educate them on what's going on."

Another board member, Paul Marbach, testified that no action was taken at the February 17 meeting. He said only three board members attended the meeting in March. He also indicated that the topics discussed at these meetings were similar to topics discussed at regularly convened board meetings.

Grace Hitzfelder said she was the only BMA board member who asked a question at the February 17 meeting. She also spoke about PL–566 and asked the audience, "What do you think we ought to do?" When asked whether business was discussed at this meeting, Hitzfelder stated, "The goals of the BMA were discussed, but there was no business discussed and no determinations made." Hitzfelder described the information presented as the same discussed before "many, many times."

At the conclusion of the hearing, the trial court granted the landowners a temporary injunction enjoining BMA from holding unpublicized meetings and from excluding participants at its meetings. A few months later, the landowners moved for summary judgment, offering the transcript of the injunction hearing as evidence that BMA violated the Texas Open Meetings Act on February 17, 1998. BMA responded to the motion with the affidavits of Ward, Kohlleppel, Marbach, and Hitzfelder. Each of the affiants states that he or she "did not specifically speak or address any BMA Water District Board

member on any matter of public business or public policy over which BMA Water District has supervision or control." They also stated they did not consider the February 17 "informal gathering" a "meeting" because they did not "intend" to "discuss, deliberate, or conduct a verbal exchange between themselves or others on any issue of public business or policy over which the Board has supervision or control."

The trial court granted the landowners' motion for summary judgment based on its finding that BMA violated the Open Meetings Act on February 17, 1998. The court also awarded the landowners permanent injunctive relief plus attorney's fees and costs. BMA appealed.

## Standard and Scope of Review

■ We review the summary judgment de novo. To prevail, the landowners must show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).[2] In deciding whether a disputed fact issue precludes summary judgment, we take evidence favorable to BMA as true, indulge reasonable inferences in its favor, and resolve any doubts to its advantage. *See Nixon,* 690 S.W.2d at 548–49.

## Discussion

■ BMA contends "discussion" is not synonymous with "deliberation" for purposes of the Open Meetings Act. We disagree.

The Open Meetings Act was enacted in 1967 to provide the public with the opportunity to be informed about the transactions of public business. *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 765 (Tex.1991). The Act requires a governmental body to hold open meetings and to provide the public with

notice of the meetings. Tex. Gov't Code Ann. § 551.002, § 551.041 (Vernon 1994). As a water district, BMA is subject to the Act. *See id.* § 551.001(3)(H); Tex. Water Code Ann. § 55.040 (Vernon Supp.1999).

Under the Act, a "meeting" means

a *deliberation* between a quorum of a governmental body, or between a quorum of a governmental body and another person, *during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action.* The term does not include the gathering of a quorum of a governmental body at a social function ... if formal action is not taken and any discussion of public business is incidental to the social function....

Tex. Gov't Code Ann. § 551.001(4) (emphasis added). The Act further defines "deliberation" as a "verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2).

BMA suggests that we incorporate an element of action or decision-making in the definition of "deliberation." If we incorporated this element, we would alter the definition of "meeting," which includes not only formal action but also discussion and consideration. *See* Tex. Gov't Code Ann. § 551.001(4) (Vernon 1994). We therefore decline to equate the definitions of "deliberation" and "decision."

When viewed in the light most favorable to BMA, the evidence shows that projects under BMA's control were discussed at the February 17 meeting. While the board members and other speakers offered information about matters previously decided by the BMA, the meeting was also de-

---

**2.** Whether any specific behavior violates the Open Meetings Act is generally a question of fact. *See* Op. Tex. Att'y Gen. No. DM–95, at 3453. Nonetheless, a fact issue may be established as a matter of law. *See* Tex.R. Civ. P. 166a(c).

signed to inform landowners about "what [the BMA] planned on doing in the future" and to tell board members whether they were "on the right track or not." Additionally, at least one board member asked a question while another answered questions. Although the board members did not discuss business among themselves, it was only necessary for their communication to occur between themselves and the other people present at the February 17 meeting. *See Dallas Morning News Co. v. Board of Trustees of Dallas ISD,* 861 S.W.2d 532, 539 (Tex.App.—Dallas 1993, writ denied).

In conclusion, the BMA engaged in a verbal exchange about issues within its jurisdiction. Whether the board members described this exchange as a discussion or a deliberation does not raise a genuine issue of material fact. Therefore, as a matter of law, the February 17 gathering was a "meeting" for purposes of the Open Meetings Act. Because the meeting was not open or publicized, it violated the Open Meetings Act. Accordingly, the trial court did not err in rendering summary judgment in favor of the landowners.

## Conclusion

The trial court's judgment is affirmed.