

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

November 30, 2000

The Honorable Jeff Wentworth                Opinion No. JC-0313
Chair, Committee on Nominations
Texas State Senate                          Re: Whether a component committee of the
P.O. Box 12068                              Edwards Aquifer Authority is subject to the Open
Austin, Texas 78711-2068                    Meetings Act when a majority of the members of
                                            the Authority's Board attends a meeting of the
                                            committee  (RQ-0262-JC)

Dear Senator Wentworth:

You have requested our opinion as to whether a component committee of the Edwards
Aquifer Authority (the "Authority") is subject to the Open Meetings Act, chapter 551 of the
Government Code, when a majority of the voting members of the Authority's Board is present at a
meeting of the committee. For the reasons indicated below, we conclude that it is, under such
circumstances, subject to the Act.

The Board of the Edwards Aquifer Authority ("the Board") is composed of seventeen
directors, fifteen of whom are elected officials entitled to vote on matters before the Board. *See* Act
of May 29, 1995, 74th Leg., R.S., ch. 261, § 1, 1995 Tex. Gen. Laws 2505, 2506 (amending Act of
May 30, 1993, 73d Leg., R.S., ch. 626, § 1.09, 1993 Tex. Gen. Laws 2350, 2356). The remaining
two directors are appointed officials who serve as nonvoting members. *See id.* A quorum is
constituted by eight members who are entitled to vote. *See id.*

You explain that the Authority has eight standing committees, composed of both voting and
nonvoting members, whose function is to make recommendations to the full Board.[1] "[E]ach
committee is organized to include less than eight voting members." Request Letter, note 1, at 2.
You assert that, "[a]lthough the Edwards Aquifer Authority is subject to the Texas Open Meetings
Act, the committee meetings of the Board are not required to be open meetings as long as a quorum
of the Board is not present. The practice of the Edwards Aquifer Authority is not to appoint a
quorum of the voting members of the Board to a committee." *Id.* We assume, for purposes of this
opinion, that on the basis of both their composition and their function, these committees are not
themselves subject to the Open Meetings Act. *See* Tex. Att'y Gen. Op. No. JC-0060 (1999) at 5;
*see also* TEX. WATER CODE ANN. § 36.064(b) (Vernon 1999).

---

[1]*See* Letter from Honorable Jeff Wentworth, Chair, Committee on Nominations, to Honorable John Cornyn,
Texas Attorney General at 2 (July 20, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

You indicate that "[i]n some instances, one or more members of the Board who are not members of a committee may attend a committee meeting in order to receive the benefit of the staff's presentation of an issue, the discussion between committee members and staff, and the comments of the public attending the meeting. This may lead to the presence of a quorum of the voting members of the Board at a particular committee meeting." Request Letter, *supra* note 1, at 2. You ask whether this resulting presence of a quorum brings the committee's meeting within the ambit of the Open Meetings Act.

The Open Meetings Act defines "meeting," in relevant part, as follows:

> (A) a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action; or
>
> (B)  except as otherwise provided by this subdivision, a gathering:
>
> > (i)   that is conducted by the governmental body or for which the governmental body is responsible;
> >
> > (ii)  at which a quorum of members of the governmental body is present;
> >
> > (iii) that has been called by the governmental body; and
> >
> > (iv)  at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control. The term does not include the gathering of a quorum of a governmental body at a social function . . . .

TEX. GOV'T CODE ANN. § 551.001(4) (Vernon Supp. 2000). "Deliberation" is defined as "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2).

Under the first definition of "meeting," the situation you describe constitutes a "meeting" when a quorum is present and when one or more members of the Board, including committee members, engages in a deliberation with any other member of the Board or committee or with any other person about public business or policy over which the Board has supervision or control. *See id.* § 551.001(4)(A). Note that the visiting members of the Board do not have to participate in the deliberation for the statute to apply. Their mere presence, which results in a quorum, is sufficient to bring the meeting within the Open Meetings Act as long as any voting member of the committee participates in a verbal exchange about public business or policy over which the Board has supervision or control. *See* Tex. Att'y Gen. Op. No. JC-203 (2000) at 3 (citing *Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n*, 2 S.W.3d 459, 462 (Tex. App.—San Antonio 1999, pet. denied) ("deliberations took place at informational gathering of water district board with landowners, where one board member asked question and another board member answered questions, even though board members did not discuss business among themselves").

The second definition of "meeting" is in some respects broader than the first because it does not require any sort of deliberation between Board members. It thus may apply to a situation in which the meeting's only purpose is for members of the Board to "receive information from" a "third person," including staff. TEX. GOV'T CODE ANN. § 551.001(4)(B)(iv) (Vernon Supp. 2000). But this definition of "meeting" requires, *inter alia*, that the gathering be one "that is conducted by the governmental body or for which the governmental body is responsible," and that the gathering "has been called by the governmental body." *Id.* § 551.001(4)(B)(i), (iii). Because the Authority's Board appoints the component committees, we have no difficulty in concluding that such a gathering is one "for which the governmental body is responsible." *See id.* § 551.001(4)(B)(i).

We also conclude that the gathering of which you inquire "has been called by the governmental body," *i.e.*, the Board of the Edwards Aquifer Authority. The second definition of "meeting" was enacted in 1999 in part to eliminate the perceived abuse of "staff briefings." *See* HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 156, 76th Leg., R.S. (1999). Were we to conclude that a committee of the Board rather than the Board itself was the agent responsible for the gathering in the circumstances you describe, a governmental body could re-establish the staff briefing exception merely by appointing a committee to summon members of the governmental body for such briefings. Furthermore, the gathering of which you inquire has in the larger sense been "called" by the Authority's Board. The committee is wholly a creature of the Board; it is not independently subject to the Open Meetings Act; and the presence of a quorum of the Board at one of its gatherings is the event that triggers the application of the Act.

We conclude that a component committee of the Board of the Edwards Aquifer Authority is subject to the Open Meetings Act under the following circumstances: the committee meeting is attended by additional voting members of the Authority's Board so that a quorum of the Board is present, and the members of the Board "receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control." *See* TEX. GOV'T CODE ANN. § 551.001(4)(B)(iv). Under these circumstances, the

committee is subject to the Open Meetings Act regardless of whether the committee members or any attending Board members engage in a deliberation with one another or any third party.

## S U M M A R Y

A component committee of the Board of the Edwards Aquifer Authority is subject to the Open Meetings Act when a majority of the voting members of the Authority's Board, including the committee members, is present at a meeting of the committee, and the Board members "receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy" over which the Edwards Aquifer Authority has authority, regardless of whether the committee members or any Board members engage in a deliberation as defined by Government Code section 551.001(2). TEX. GOV'T CODE ANN. § 551.001 (Vernon Supp. 2000).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee