

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 20, 2000

Mr. Thomas A. Davis, Jr.
Director
Texas Department of Public Safety
P.O. Box 4087
Austin, Texas 78773-0001

Opinion No. JC-0308

Re: Whether attendance at a legislative hearing by a quorum of members of a state governmental body is subject to the Open Meetings Act (RQ-0243-JC)

Dear Mr. Davis:

You have requested our opinion as to whether attendance by a quorum of members of the board of a state governmental body at a legislative hearing is subject to the Open Meetings Act ("Act"), chapter 551, Government Code. For the reasons set forth below, we conclude that such attendance constitutes a public meeting of the board under the Act, if one or more members participates in a discussion of matters within the board's jurisdiction.

You explain that the Public Safety Commission ("Commission"), composed of three members, frequently attends the hearings of certain legislative committees that "concern matters within the purview of the Commission's duties and powers."[1] You note that legislators often "recognize the presence of the commissioners, encourage statements or comments, or make inquiries of them regarding Department business." Request Letter, note 1, at 1. You ask whether the Commission must itself post notice of these hearings when a quorum of its members attends. *See id.* at 2.

The Act defines "meeting," *inter alia*, as:

> a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action.

---

[1]Letter from Mr. Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable John Cornyn, Texas Attorney General at 1 (June 6, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

TEX. GOV'T CODE ANN. § 551.001(4)(A) (Vernon 1994). A "deliberation" is "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2). Thus, in the circumstances you describe, if a quorum of members of the Commission engages in a verbal exchange with legislators or members of their staff, those remarks constitute a deliberation. *See id; see also Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n,* 2 S.W.3d 459, 461-62 (Tex. App.–San Antonio 1999, pet. denied) (verbal exchange at informational gathering of water district board with landowners where one board member asked questions and another board member answered questions was a "'meeting' for purposes of the Open Meetings Act," even though board members did not discuss business among themselves). If the deliberation relates to "public business or public policy over which the [Commission] has supervision or control," the legislative hearing becomes a "meeting" of the Commission. TEX. GOV'T CODE ANN. § 551.001(4)(A) (Vernon 1994).

In Attorney General Opinion JC-0248, we said that when a quorum of the members of a governing body of a state agency attends a public hearing held by the Sunset Advisory Commission, and one or more of the members of the governing body testifies, answers questions, or in any other manner furnishes information to the Sunset Advisory Commission, the agency itself is deemed to have held a meeting under the Act, and is, as a result, required to post the requisite notice in accordance with the Act's provisions. *See* Tex. Att'y Gen. Op. No. JC-0248 (2000) at 2. Attorney General Opinion JC-0248 relied in large part on an earlier opinion, Attorney General Opinion JC-0203, which held that "[w]hen a quorum of members of a standing committee of the Harris County Hospital District . . . attends a speaking engagement or meeting conducted by another entity and a member participates in a discussion of matters of public business or public policy within the committee's supervision, the committee will be subject to the Open Meetings Act." Tex. Att'y Gen. Op. No. JC-0203 (2000) at 5. The circumstance you describe is entirely analogous to those addressed in Attorney General Opinions JC-0203 and JC-0248. As a result, when a quorum of the members of a board of a state agency attends a legislative committee hearing, the board is itself subject to the provisions of the Act if one or more members of the board participates in a discussion on matters within the board's jurisdiction.

Unlike the situation in each of those prior opinions, however, the matter of notice in the present instance is more problematic. Agencies with statewide jurisdiction are required to post notice of their meetings "for at least seven days before the day of the meeting." TEX. GOV'T CODE ANN. § 551.044(a) (Vernon Supp. 2000). Presumably, an agency with statewide jurisdiction is able to furnish more than seven days notice to the state agencies that it summons to appear before it. *See id.* The legislature, on the other hand, is not compelled to do so. Section 551.046 provides that "[t]he notice of a legislative committee meeting shall be as provided by the rules of the house of representatives or of the senate." *Id.* § 551.046 (Vernon 1994). As you indicate, "legislative posting time requirements are generally shorter than the seven-day posting required for state agencies." Request Letter, *supra* note 1, at 2. A state agency that appears before a legislative committee may thus find it impossible to comply with the posting requirements of the Act.

Section 551.045 permits a governmental body to hold an "emergency" meeting under certain circumstances. *See* TEX. GOV'T CODE ANN. § 551.045 (Vernon 1994). In such an instance, notice is sufficient if it is posted for at least two hours before the meeting begins. *See id.* § 551.045(a). But the requirements for an emergency meeting are quite strict. Such a meeting may be held only when "immediate action is required of a governmental body" in response to either "(1) an imminent threat to public health and safety; or (2) a reasonably unforeseeable situation." *Id.* § 551.045(b). The nature of the emergency must be clearly identified in the notice. *See id.* § 551.045(c). As the court said in *River Road Neighborhood Association v. South Texas Sports*, 720 S.W.2d 551, 557 (Tex. App.–San Antonio 1986, writ dism'd w.o.j.):

> [T]he term generally refers to an unforeseen combination of circumstances that calls for immediate action; a sudden or unexpected occasion for action. The mere necessity for quick action does not constitute an emergency where the situation calling for such action is one which reasonably should have been anticipated. The Texas Supreme Court has said that an emergency is a condition arising suddenly and unexpectedly, not caused by any neglect or omission of the person in question, which calls for immediate action.

*Id.* (citations omitted).

In our opinion, an emergency based on a reasonably unforeseeable situation may arise when a state agency is unexpectedly summoned with less than seven days notice to appear before a legislative committee. The circumstances arise suddenly, are not caused by any neglect or omission of the agency and call for immediate action. When a quorum of the board of a state agency appears voluntarily before a legislative committee, however, we do not believe that immediate action can reasonably be said to be required. In such case, the agency has two options available. It may determine that a quorum of the board should not attend the hearing. In the alternative, it may endeavor to determine, at least seven days in advance of any potential hearing, a range of dates during which the committee may consider matters relevant to the concerns of the agency. Then it may post notice announcing a meeting of the agency's board on the first of those dates. The meeting may then be continued from day to day, without the need for reposting notice, until the legislative committee reaches the issue of interest to the agency. *See Rivera v. City of Laredo*, 948 S.W.2d 787, 793 (Tex. App.–San Antonio 1997, writ denied); Tex. Att'y Gen. Op. No. DM-482 (1998); *see also* Tex. Att'y Gen. Op. No. JC-0285 (2000).

You also ask whether, when a quorum of the board of a state agency attends a legislative hearing, "minutes must be kept in accordance with section 551.021 of the Act." Request Letter, *supra* note 1, at 2. Section 551.021 requires that "[a] governmental body shall prepare and keep minutes or make a tape recording of each open meeting of the body." TEX. GOV'T CODE ANN. § 551.021(a) (Vernon 1994). Because, as we have concluded, the attendance of a quorum of members of the board of a state agency at a legislative committee hearing itself constitutes a meeting

for purposes of the Act, it follows that the board is required to prepare and keep minutes or make a tape recording of that meeting in accordance with section 551.021.

We are aware that the solution offered to the problem you pose is an inelegant one. We are mindful of the difficulties involved in reconciling the legislature's need to receive information from state agencies with the agencies' duty to provide notice under the Act, and we have addressed this issue within the bounds of the laws as enacted by the legislature. The legislature is the proper body to resolve these matters as it deems appropriate.

## S U M M A R Y

Attendance by a quorum of the members of the board of a state governmental body at a legislative hearing is subject to the Open Meetings Act if one or more members participates in a discussion of matters within the board's jurisdiction. If the board is summoned with less than seven days notice by the legislative committee, it may invoke the emergency notice provisions of the Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee