OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 10, 2000

Mr. Joey Longley
Director, Sunset Advisory Commission
P.O. Box 13066
Austin, Texas 78711-3066

Opinion No. JC-0248

Re: Whether a state agency that is the subject of a public hearing before the Sunset Advisory Commission must post notice under the Open Meetings Act when its members attend the hearing (RQ-0193-JC)

Dear Mr. Longley:

You have requested our opinion as to whether a state board or commission that is the subject of a public hearing before the Sunset Advisory Commission must itself post notice under the Open Meetings Act when its members attend the hearing. For the reasons indicated below, we conclude that such a board or commission must do so when a quorum of its members attend the hearing.

Each statutory agency, in its enabling legislation, is granted a fixed life, not to exceed twelve years. TEX. GOV'T CODE ANN. § 325.015 (Vernon 1998). Unless continued by the legislative session immediately before its scheduled extinction, an agency will be terminated. *Id.* The Sunset Advisory Commission (the "Commission") is a state agency charged with recommending to the legislature "whether a public need exists for the continuation of a state agency or its advisory committees or for the performance of the functions of the agency or its advisory committees." *Id.* § 325.011 (Vernon Supp. 2000). The Commission makes recommendations, *inter alia*, for "the abolition, continuation, or reorganization" of state agencies, and for "the consolidation, transfer, or reorganization of programs within state agencies." *Id.* § 325.012; *see also id.* § 325.010 (Vernon 1998) (at each session commission shall present the legislature and governor a report on agencies and advisory committees scheduled to be abolished). In preparation therefor, the Commission is directed "between September 1 and December 1 of the calendar year before the year a state agency [is] . . . abolished," to "conduct public hearings." *Id.* § 325.009.

You indicate that, at such a public hearing, "agency staff and members of the agency's policymaking body are called to testify." Letter from Mr. Joey Longley, Director, Sunset Advisory Commission, to Honorable John Cornyn, Attorney General (Feb. 22, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. You further advise that the Commission itself "conducts its hearings in accordance with the Open Meetings Act and posts notice according to the rules of the House and Senate." *Id.* You ask whether the agency under review must "post a separate notice by

virtue of the fact that a quorum of its policymaking body might attend and/or testify at a Sunset Commission hearing on matters relating to that agency." *Id.*

The Open Meetings Act, chapter 551 of the Government Code, defines "meeting" as:

> a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action.

TEX. GOV'T CODE ANN. § 551.001(4)(A) (Vernon Supp. 2000). A "deliberation" is "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2). *See Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n,* 2 S.W.3d 459, 462 (Tex. App.–San Antonio 1999, pet. denied) (deliberations took place at informational gathering of water district board with landowners, where one board member asked question and another board member answered questions, even though board members did not discuss business among themselves). In a recent opinion, we concluded that "[w]hen a quorum of members of a standing committee of the Harris County Hospital District . . . attends a speaking engagement or meeting conducted by another entity and a member participates in a discussion of matters of public business or public policy within the committee's supervision, the committee will be subject to the Open Meetings Act." Tex. Att'y Gen. Op. No. JC-0203 (2000) at 5.

The public hearings of the Sunset Advisory Commission that you describe fall squarely within the principle of Attorney General Opinion JC-0203. Members of the board of a state agency that appear before the Commission "attend a meeting conducted by another entity." Because the hearing is held for the purpose of evaluating the agency's performance and determining whether its existence should be continued, it seems obvious that there will be "a discussion of matters of public business or public policy within the [agency's] supervision." Thus, if a quorum of the members of the governing body of an agency attends the public hearing, and one or more of them testifies before the Commission, answers questions, or in any manner supplies information, the agency will itself be found to have held a "meeting" under the Open Meetings Act, and thus be required to post the requisite notice in accordance with the Act's provisions. If, on the other hand, only staff members, or any number less than a quorum of the governing body, attend the public hearing, the agency will not have held a "meeting." Similarly, even if a quorum of members of the governing body attends, but no one among them testifies, answers questions, or in any manner furnishes information to the Commission, the agency will not have held a "meeting," and thus, will not be required to post the requisite notice.

## S U M M A R Y

If a quorum of the members of a governing body of a state agency attends a public hearing held by the Sunset Advisory Commission under the authority of section 325.009, Government Code, and one or more of such members testifies, answers questions, or in any other manner furnishes information to the Commission, the agency will itself be found to have held a "meeting" under the Open Meetings Act, and thus be required to post the requisite notice in accordance with the Act's provisions.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee