OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



April 4, 2000

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0203

Re: Attendance at meetings and speaking engagements by members of the Board of Managers of the Harris County Hospital District (RQ-0133-JC)

Dear Mr. Fleming:

You inquire about the circumstances under which a quorum of a standing committee of the Harris County Hospital District Board of Managers (the "HCHD Board of Managers" or "Board") may attend as members of the audience speaking engagements and meetings relevant to the hospital district's public business without violating the Open Meetings Act (the "Act"). *See* TEX. GOV'T CODE ANN. ch. 551, §§ 551.001-.146 (Vernon 1994 & Supp. 2000). When a quorum of a standing committee of the HCHD Board of Managers attends a speaking engagement or meeting conducted by another entity and participates in a discussion of matters of public business or public policy within the supervision of that standing committee, it will be subject to the Open Meetings Act. If the committee participates in a discussion of matters of public business or public policy within the supervision of the hospital district but not of that particular standing committee, it will not be subject to the Open Meetings Act.

You inform us that the HCHD Board of Managers has eight standing committees, such as the Building and Properties Committee, the Clinic Committee, the Fiscal Affairs Committee, the Joint Conference Committee, and the Personnel Committee. The HCHD Board of Managers has delegated to each of these committees authority to deliberate and make recommendations in a particular area of hospital district business. This office concluded in Attorney General Opinion H-238 (1974) that standing committees composed of members of the HCHD's Board of Managers must comply with the notice and accessability provisions of the Open Meetings Act, and you state that committees comply with these requirements. *See* Brief from Honorable Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Attorney General of Texas, at 1-3 (Oct. 21, 1999) (on file with Opinion Committee) [hereinafter "Brief of 10/21/99"].

All but the Joint Conference Committee are composed entirely of members of the Board, and six of the standing committees are composed of three members. *See id.* at 1. The Fiscal Affairs Committee consists of four members, and the Joint Conference Committee consists of seven members, three of whom are members of the HCHD Board of Managers. *See id.* Most Board

members serve on more than one standing committee, and in some cases, on as many as four. *See id.* at 2, 4.

Two members of a three-member committee make up a quorum. *See* TEX. GOV'T CODE ANN. § 551.001(6) (Vernon Supp. 2000). Thus, a problem arises "when two members of a three-Board-member committee desire to attend the same speaking engagement at which matters involving the Harris County Hospital District will be discussed and the attending Board members may be called upon to participate in that discussion." Brief of 10/21/99, at 3-4. You present a hypothetical case where a Board member who sits on four standing committees wishes to attend a speech on issues relevant to the hospital district and anticipates being called upon to comment on issues raised at the speech. *See id.* at 4. Must this individual contact each other member of his committees to determine whether any of them will attend the same speech, thereby forming an "inadvertent quorum of an HCHD standing committee" at the speech? *See id.* You furthermore note that some of the standing committees, for example, the Personnel Committee, have such a limited scope that topics under their review would probably not be raised at a speech on more global matters about the hospital district. *See id.*

With this background in mind, you ask the following question:

> If two members of a three-Board-member standing committee desire to attend a meeting or speaking engagement and there is likely to be a deliberation between the two standing-committee members, or between them and another person, during which public business or public policy over which *the HCHD Board of Managers — but not that particular standing committee* — has supervision or control, must the meeting comply with the notice and other provisions of the Open Meetings Act?

*Id.* (emphasis in original). You also ask whether the meeting must comply with the Open Meetings Act if the deliberation relates to public business or public policy over which the standing committee in attendance has supervision or control.

Whether any specific behavior violates the Open Meetings Act is generally a question of fact. *See Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n*, 2 S.W.3d 459, 461 n.2 (Tex. App.–San Antonio 1999, pet. denied). In addressing your questions, we rely on the facts you have provided and note that additional or different facts may result in a different conclusion in a given case.

You point out that the Open Meetings Act defines "meeting" to mean:

> a deliberation between a quorum of a governmental body, or between a quorum of a governmental body and another person, during which public business or public policy over which the

> governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action.

TEX. GOV'T CODE ANN. § 551.001(4)(A) (Vernon Supp. 2000). "Deliberation" is "a verbal exchange during a meeting between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body or any public business." *Id.* § 551.001(2). *See Bexar Medina Atascosa Water Dist.*, 2 S.W.3d at 462 (deliberations took place at informational gathering of water district board with landowners, where one board member asked question and another board member answered questions, even though board members did not discuss business among themselves).

Although you are concerned about "deliberations" that might occur when members of the same standing committee are in the audience at a speaking engagement, we point out another definition of "meeting" that is not based on the governmental body's participation in deliberations. Section 551.001(4)(B) of the Government Code, adopted by the 76th Legislature, defines "meeting" to include:

> except as otherwise provided by this subdivision, a gathering:
>
> > (i) that is conducted by the governmental body or for which the governmental body is responsible;
> >
> > (ii) at which a quorum of members of the governmental body is present;
> >
> > (iii) that has been called by the governmental body; and
> >
> > (iv) *at which the members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the governmental body, about the public business or public policy over which the governmental body has supervision or control.*

TEX. GOV'T CODE ANN. § 551.001(4)(B) (Vernon Supp. 2000), *adopted by* Act of May 22, 1999, 76th Leg., R.S., ch. 647, § 1, 1999 Tex. Gen. Laws 3218 (emphasis added). This definition applies if a governmental body conducts or is responsible for holding the lecture or meeting, if a quorum is present, if the governmental body has called the gathering, and if the subject of the lecture is the "public business or public policy over which the governmental body has supervision or control." *Id.* 551.001(4)(A). Under section 551.001(4) of the Government Code, a governmental body is subject to the Open Meetings Act even if the members merely receive information and do not engage

in deliberations among themselves or with a third party. *See* Tex. Att'y Gen. Op. No. JC-0169 (2000). Because you inquire only about "deliberations" at speaking engagements, we assume that you are concerned only about "meetings" as defined by Government Code section 551.001(4)(A) and not the gatherings defined as "meetings" by section 551.001(4)(B).

We also note that a meeting "does not include the . . . the attendance by a quorum of a governmental body at a regional, state, or national convention or workshop, if formal action is not taken and any discussion of public business is incidental to the . . . convention, or workshop." TEX. GOV'T CODE ANN. § 551.001(4)(B)(iv) (Vernon Supp. 2000). If a quorum of the HCHD Board of Managers, or of a standing committee of the Board, attends a speech at a regional, state, or national convention or workshop, it is not subject to the Open Meetings Act as long as no formal action is taken and any discussion of public business is incidental to the convention or workshop. A "workshop" in the context of this provision is "[a] meeting for discussion, study, experiment, etc., orig. in education or the arts, but now in any field." XX OXFORD ENGLISH DICTIONARY 554 (2d ed. 1989). It does not include a meeting organized by the governmental body for the purpose of discussing and/or conducting public business. If a speech is given as part of a regional, state, or national convention or workshop, a quorum of a governmental body may attend without being subject to the Act, as long as their discussion remains within the limits stated in section 551.001 (4)(B)(iv) of the Government Code.

You first ask about attendance at a lecture by a quorum of a standing committee, where members of the committee are likely to be called upon to comment upon a matter of public business or public policy within the supervision or control of the HCHD Board of Managers but not of the particular standing committee. Under these circumstances, the committee need not comply with the notice and other requirements of the Open Meetings Act, because its deliberations would not address "public business or public policy" over which the committee has supervision. Of course, if a quorum of the HCHD Board of Managers itself were present at the lecture, any deliberations it engaged in would be subject to the Act.

You also ask about attendance at a lecture by a quorum of a standing committee, where committee members are likely to be called upon to comment upon matters of public business or public policy within the supervision of their particular standing committee. If a quorum of the committee is present and a member in fact engages in a verbal exchange with another member or with another person on public business or public policy within the committee's supervision, the committee will be subject to the Open Meetings Act. The committees or the HCHD Board of Managers should consider establishing procedures for determining whether a quorum of a committee or of the Board will attend a public lecture and for giving public notice of that meeting. If compliance with the Open Meetings Act is not possible, for example, because the lecture is not accessible to the public or notice has not been posted, the members of the committee in attendance may not deliberate on subject matter that is within the committee's supervision. If a committee member is invited to comment on issues raised by the speaker, he or she should decline to address subjects within the jurisdiction of his or her committee, explaining that under the circumstances his or her remarks would be subject to the Open Meetings Act.

## S U M M A R Y

When a quorum of members of a standing committee of the Harris County Hospital District Board of Managers attends a speaking engagement or meeting conducted by another entity and a member participates in a discussion of matters of public business or public policy within the committee's supervision, the committee will be subject to the Open Meetings Act. If a member of the standing committee participates in a discussion of matters of public business or public policy within the Harris County Hospital District's supervision but not of that particular committee's supervision, it will not be subject to the Open Meetings Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee