OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

September 20, 2002

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0558

Re: Whether a provision of the nepotism statute prohibits a city commissioner from deliberating on a merit salary increase for his sibling, and related question (RQ-0532-JC)

Dear Senator Madla:

You request an opinion regarding the application of a provision of the nepotism statute, chapter 573 of the Government Code, to a member of the governing body of a home-rule city. *See* TEX. GOV'T CODE ANN. ch. 573 (Vernon 1994 & Supp. 2002). You ask whether a city commissioner violates section 573.062(b) of the Government Code by participating in a deliberation regarding a merit salary increase for the commissioner's sibling, a long-time city employee.[1] *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994) (pertaining to continuous employment). You also ask whether the other city commissioners would violate any criminal statutes if they vote to approve the salary increase after involvement in the earlier nepotistic deliberation regarding the salary increase. *See* Request Letter, *supra* note 1, at 1.

We conclude that section 573.062(b) of the Government Code prohibits a city commissioner from participating in a deliberation regarding a merit salary increase for his sibling; and if the city commissioner participates in such a deliberation, he may be found to have violated the statute. Additionally, we conclude that other city commissioners would not violate section 573.084 of the Government Code, which makes a violation of section 573.062(b) a criminal offense, by merely voting on a merit salary increase for a fellow city commissioner's sibling even after they were involved in the deliberation in which the fellow city commissioner participated. We cannot and do not resolve whether or not any person has actually violated section 573.062(b) because such a determination would require the investigation and resolution of fact questions, which cannot be done in the opinion process. *See* Tex. Att'y Gen. Op. Nos. JC-0307 (2000) at 1; JC-0184 (2000) at 4.

To provide a legal context for your questions, we review the relevant provisions of chapter 573. Section 573.041 of the Government Code provides that a public official "may not appoint, confirm the appointment of, vote for the appointment or confirmation of the appointment of an

---

[1]*See* Letter from the Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to the Honorable John Cornyn, Texas Attorney General (Apr. 3, 2002) at 1 (on file with Opinion Committee) [hereinafter Request Letter].

individual to a position" compensated from public funds if the individual is related to the public official or to another member of the appointing board "within the third degree by consanguinity or within the second degree by affinity." TEX. GOV'T CODE ANN. §§ 573.002, .041 (Vernon 1994). Siblings are related to each other in the second degree by consanguinity, *see id.* §§ 573.022, .023(c)(2), and are thus within the degree of relationship affected by section 573.041, *see id.* § 573.041.

The section 573.041 nepotism prohibition does not apply to a relative continuously employed in a particular position for a specified period of time immediately before the election or appointment of the public official to whom the employee is related. *See id.* § 573.062(a). The continuously employed relative may retain his or her position. *See id.*; *see also* Tex. Att'y Gen. Op. No. DM-2 (1991) at 3 (city council member's brother would retain job if he served for requisite time before election or appointment); Tex. Att'y Gen. LO-95-015, at 2 (mayor's wife may retain position in which she had been employed before her husband's election). But if an individual continues in a position under this exception, the public official to whom the individual is related in the prohibited degree

> may not participate in any *deliberation or voting* on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, change in status, *compensation*, or dismissal of the individual *if that action applies only to the individual and is not taken regarding a bona fide class or category of employees.*

TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994) (emphasis added). This provision is "intended to preclude a public official from participating in all employment actions that affect the official's relative, with the exception of those affecting a 'bona fide class' of employees." Tex. Att'y Gen. Op. No. JC-0193 (2000) at 4. A city commission, for example, may approve a change in the employment status and compensation of a mayor's wife continuously employed by the city prior to the mayor's election, but the mayor may not participate in any deliberation or voting on either matter if the action applies only to his wife. *See* Tex. Att'y Gen. LO-95-015, at 2.

Finally, a violation of section 573.062(b) is enforceable by removal from office. *See* TEX. GOV'T CODE ANN. § 573.081 (Vernon 1994). It is also a criminal offense. Section 573.084 of the Government Code provides that:

> (a) An individual commits an offense involving official misconduct if the individual violates Subchapter C [prohibiting appointment or confirmation of relative] or Section 573.062(b) or 573.083 [prohibiting payment to ineligible individuals].

> (b) An offense under this section is a misdemeanor punishable by a fine not less than $100 or more than $1,000.

*Id.* § 573.084.

With this statutory background, we turn to your request. You inform us that the city commission of a home-rule city approved an across-the-board salary raise for all city employees. *See* Request Letter, *supra* note 1, at 1. Subsequently, the city commission met to discuss, among other items, merit salary increases for selected city employees. *See id.* At this meeting, the city commission convened in a closed session to discuss the merit raises with the city manager, who is charged with evaluating employee performance and making recommendations for salary increases. *See id.* One of the city employees "up for merit raise consideration, but who did *not* receive a recommendation" from the city manager is a sibling of one of the city commissioners who has been employed by the city as a department head since 1979. *Id.* In the closed session, that city commissioner participated in the discussion with respect to the "other employees under consideration for merit raises." *Id.* He also participated in the discussion regarding the merit raise for his sibling:

> Many times, the commissioner displayed anger towards the other members, as well as the city manager, when they discussed not giving his sibling a raise. The commissioner repeatedly told the city manger that he, the city manager, could "break the tie" if need be. The commissioner also mentioned that his sibling had received other raises and that the commission should vote the same on this occasion.

*Id.* After convening in an open session, the city commission voted against giving the commissioner's sibling a merit salary increase, although the commissioner did not vote "on the denial of the salary increase." *Id.* at 2. You are concerned only with the merit raise portion of the deliberation involving the city commissioner's sibling, not the across-the-board salary raise.

You first ask: "Is it a violation of Section 573.062(b), Government Code, for a city commissioner to deliberate, participate, and display a preference regarding the consideration of a merit salary increase for a sibling in a closed session of a city's Board of Commissioners?" *Id.* at 1. Because you ask about section 573.062(b), we assume that the city commissioner's sibling has been continuously employed for the requisite time period before the city commissioner's election to the city commission. *See* TEX. GOV'T CODE ANN. § 573.062(a) (Vernon 1994).

We conclude that section 573.062(b) prohibits a city commissioner from participating in a deliberation regarding a merit salary increase for his sibling; and if the city commissioner participates in such a deliberation, he may be found to have violated the statute.[2] As a "public official," a city commissioner must not only abstain from voting on the compensation of a sibling employed by the city, but must also abstain from participating in any "deliberation" regarding the compensation unless the deliberation relates to a "bona fide class or category" of employees. *See id.* § 573.062(b); *see also* Tex. Att'y Gen. Op. No. JC-0193 (2000) at 3; Tex. Att'y Gen. LO-95-015, at 2.

First, a city commissioner is a "public official" for the purposes of chapter 573 of the Government Code and section 573.062(b). *See* TEX. GOV'T CODE ANN. § 573.001(3) (Vernon 1994)

---

[2]This office does not investigate or resolve fact questions. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0336 (2001) at 4; JC-0298 (2000) at 1; JC-0020 (1999) at 2; DM-98 (1992) at 3.

("public official" includes an officer or member of a board of municipality). As a member of the city commission, a city commissioner exercises control over employment decisions. *See* Tex. Att'y Gen. Op. No. DM-46 (1991) (applicability of nepotism statute turns on whether official may exercise control of employment decisions). You state that "[w]hile the city manager can evaluate the performance of department heads, such as the commissioner's sibling, and make recommendations regarding their employment status and compensation, only the city commission can vote on any changes to that employment status and compensation." Request Letter, *supra* note 1, at 2.

Second, "deliberation" embraces any discussion or consideration of a measure. The statute does not define the term "deliberation." However, it clearly is not synonymous with voting. In the context of legislative bodies, the ordinary meaning of the term is "[t]he consideration and discussion of the reasons for and against a measure . . . ." IV ENGLISH OXFORD DICTIONARY 414 (2d ed. 1989); *see* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (words and phrases shall be read in context and construed according to rules of grammar and common usage; words and phrases that have acquired technical or particular meaning shall be construed accordingly). This definition comports with the technical or particular meaning of the term in a related context. "Deliberation" for the purposes of the Open Meetings Act, which applies to the meetings of governmental bodies such as the city commission, is "a verbal exchange during a meeting . . . concerning an issue within the jurisdiction of the governmental body or any public business." TEX. GOV'T CODE ANN. § 551.001 (Vernon 1994); *see also Bexar Medina Atascosa Water Dist. v. Bexar Medina Atascosa Landowners' Ass'n*, 2 S.W.3d 459, 461 (Tex. App.–San Antonio 1999, pet. denied) ("deliberation" and "discussion" synonymous for purposes of Open Meetings Act).

Third, action related to "a bona fide class or category of employees" is action based on objective criteria. In Attorney General Opinion DM-46, which dealt with a school superintendent's award of a merit raise to his spouse, this office said that the statutory phrase "action taken with respect to a bona fide category of employees" means "that an officeholder's action must be based on objective criteria, which do not allow for the preference or discretion of the officeholder." Tex. Att'y Gen. Op. No. DM-46 (1991) at 4. Examples of such an action would be a decision to give a cost-of-living increase to all employees or an automatic salary increase or a promotion based on longevity or level of education. *See id.* However, "[a]ny decision to give a salary increase based on a performance evaluation contains an element of subjectivity." *Id.* The opinion concluded that the award of raises to school employees (including the superintendent's spouse) based on performance, "a process which can never have all subjective factors eliminated," is not action taken with respect to a bona fide class or category of employees. *Id.* Based on the information provided to us, the deliberation here related only to the city commissioner's sibling rather than a bona fide class or category of employees.

You next ask: "Are individual members of a city's Board of Commissioners in violation of any criminal statutes if such a member votes to approve a merit salary increase for a commissioner's sibling after being involved in a deliberation regarding the nepotistic character of the salary increase?" Request Letter, *supra* note 1, at 1. We understand you to ask whether, by voting for a salary increase, members of the city commissioners can be criminally responsible for the conduct of the city commissioner who participates in the salary deliberation in violation of section

573.062(b). It is beyond the scope of an attorney general opinion to identify and address all the criminal statutes that may bear on this fact situation. We address only the provisions of chapter 573 of the Government Code and section 7.02 of the Penal Code, which you ask us to consider.

To the extent we understand your question, we conclude that members of the city commission would not violate section 573.084 of the Government Code merely by voting on a merit salary increase for a fellow city commissioner's sibling after they were involved in a deliberation in which the fellow city commissioner participated in violation of section 573.062(b). A violation of section 573.062(b) is a criminal offense under section 573.084 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 573.062(b), .084 (Vernon 1994). Section 573.062(b), however, does not prohibit other members of the city commission from voting on the compensation of a relative of one of the members. *See id.* § 573.062(b). *Compare id. with id.* § 573.041 (prohibiting voting for appointment or confirmation of relative of any member of board, legislature, or court); Tex. Att'y Gen. Op. No. JC-0184 (2000) at 2 (municipal utility district board members who voted to employ husband of fellow board member violated section 573.041; abstention of board member married to candidate did not relieve other board members from duty to comply with statute). By its terms, section 574.062(b) prohibits only the particular city commissioner from taking an action with respect to a relative. *See* TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994). As this office has indicated previously, a court would apply the statute's provisions in accordance with its express terms, particularly given the criminal penalties attached to a violation of this provision. *See* Tex. Att'y Gen. Op. No. DM-2 (1991) at 3 (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) (due process requires that criminal statutes give fair notice of activity that is outlawed)).

With respect to the possible criminal liability of the other city commissioners, you ask us to consider whether section 7.02 of the Penal Code applies to their conduct. *See* Request Letter, *supra* note 1, at 2-3. Section 7.01 of the Penal Code makes a person criminally responsible as a party to an offense if the offense is committed by the person's own conduct or by the conduct of another for which the person is criminally responsible. *See* TEX. PEN. CODE ANN. § 7.01 (Vernon 1994). Section 7.02 sets out the circumstances in which a person is criminally responsible for an offense committed by the conduct of another. *See id.* § 7.02.

Section 7.02 of the Penal Code could apply to section 573.084 of the Government Code defining a violation of section 573.062(b) as a criminal offense. General provisions of the Penal Code, such as section 7.02, apply to offenses defined outside the code unless the defining statute provides otherwise. *See id.* § 1.03(a) (conduct does not constitute a criminal offense unless it is defined as an offense); (b) (titles 1, 2, and 3 of Penal Code apply to offenses defined by other laws, unless statute defining offense provides otherwise). Section 7.02 of the Penal Code provides as follows:

> (a) A person is criminally responsible for an offense committed
> by the conduct of another if:
>
>     . . . .

>       (2) acting *with intent to promote or assist* the commission of
> the offense, he solicits, encourages, directs, aids, or attempts to aid
> the other person to commit the offense; or
>
>       (3) *having a legal duty to prevent commission of the offense
> and acting with intent to promote or assist its commission,* he fails to
> make a reasonable effort to prevent commission of the offense.

*Id.* § 7.02 (emphasis added).

Criminal responsibility under subsections (a)(2) and (3) of section 7.02 requires criminal intent. *See id.; see also, e.g., Lawton v. State,* 913 S.W.2d 542, 555 (Tex. Crim. App. 1995); *Medrano v. State,* 612 S.W.2d 576, 578 (Tex. Crim. App. 1981); *Barnes v. State,* 62 S.W.3d 288, 297-98 (Tex. App.–Austin 2001, pet. ref'd); *Horton v. State,* 880 S.W.2d 22, 24-25 (Tex. App. –Tyler 1993, pet. ref'd); Tex. Att'y Gen. Op. No. DM-500 (1998) at 3. To establish liability as a party to an offense, it must be shown that, in addition to the illegal conduct by the primary actor, the accused harbored the specific intent to promote or assist the commission of the offense. *See Lawton,* 913 S.W.2d at 555; *Barnes,* 62 S.W.3d at 296. The accused must know that he or she was assisting in the commission of the offense. *See Amaya v. State,* 733 S.W.2d 168, 174-75 (Tex. Crim. App. 1986); *Price v. State,* 911 S.W.2d 129, 131 (Tex. App.–Corpus Christi 1995, pet. ref'd).

Thus, members of the city commission would not commit an offense under section 573.084 for violating section 573.062(b) merely by voting for a merit raise for a fellow member's sibling. They would also have to possess the specific intent to promote or assist the violation of the section 573.062(b) prohibition against a city commissioner voting or participating in a deliberation regarding a sibling's merit raise. Whether the requisite criminal intent is present will depend on the facts of a particular case. *See* Tex. Att'y Gen. Op. Nos. DM-500 (1998) at 5; JM-689 (1987) at 3. We cannot say, as a matter of law, that the city commissioners' involvement in an earlier merit salary increase deliberation during which the fellow city commissioner violated section 573.062(b) establishes criminal intent.

## S U M M A R Y

Section 573.062(b) of the Government Code prohibits a city commissioner from participating in a deliberation regarding a merit salary increase for his sibling; and if the city commissioner participates in such a deliberation, he may be found to have violated the statute. Other city commissioners would not violate section 573.084 of the Government Code, which makes a violation of section 573.062(b) a criminal offense, by merely voting for a merit salary increase for a fellow city commissioner's sibling after being involved in an earlier deliberation in which the fellow city commissioner participated in violation of section 573.062(b).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee